**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | | |
|---|---|---|
| **JEREMY CORBIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 6:22-CV-12 |
| | ) | |
| **SONYA MOVASSAGHI, DMD;** | ) | |
| | ) | |
| **KAREN WOODSON, RNC;** | ) | |
| | ) | |
| **GOUTOM BHOWMICK, DDS;** | ) | |
| | ) | |
| **THOMAS, RN;** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **TAMIKA MITCHELL, RN,** | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER GOVERNING THE INADVERTENT DISCLOSURE OF DOCUMENTS OR OTHER MATERIAL UNDER RULE 502(d)

Pursuant to Federal Rule of Evidence 502(d) and the agreement of the parties, the Court hereby Orders that the following procedures shall govern the inadvertent production of privileged or confidential documents:

**I. CLAWBACK OF PRIVILEGED OR PROTECTED DOCUMENTS**

A. Subject to the provisions of this Order, if a party discloses information (the "Disclosing Party") in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information shall not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work

product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

B. The Disclosing Party shall, within seven days of the discovery of the inadvertent disclosure, notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. The Disclosing Party must explain in the notification as specifically as possible why the Protected Information is privileged or protected. The Disclosing Party shall identify the Protected Information by Bates-stamped number. If the Protected Information is not Bates-stamped, the Disclosing Party shall identify the Protected Information in a manner that reasonably permits the Receiving Party to easily locate the Protected Information at issue.

C. Upon receiving notification of the inadvertent disclosure, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with Paragraph D—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.

D. Any challenge to the Disclosing Party's claim of privilege or work product protection shall be made, in writing, by the Receiving Party within seven days after being notified of the Disclosing Party's request to clawback the Protected Information. The parties shall promptly

meet and confer, in person or by telephone, to determine if the challenge can be resolved without judicial intervention. If the parties are unable to resolve the dispute, the Disclosing Party shall move the Court for a Protective Order compelling the return or destruction of the information claimed to be Protected Information. The Motion for a Protective Order, response to the motion, and reply memorandum may be filed under seal, if appropriate. The Receiving Party may not assert as a ground for compelling disclosure of the information the fact or circumstance of its disclosure. Pending resolution of the Motion for a Protective Order, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Motion for Protective Order.

E. The parties may stipulate to extend the time periods set forth in Paragraph B and D of this Order.

F. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows, or reasonably should know, to be privileged and to inform the Disclosing Party that such materials have been produced.

G. The Disclosing Party retains the burden—upon challenge pursuant to Paragraph D—of establishing the privileged or protected nature of the Protected Information.

H. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

I. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Fed. R. Evid. 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

J.      The provisions Fed. R. Evid. 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**II.    DISCLOSURE OF DOCUMENTS INADVERTENTLY NOT DESIGNATED AS CONFIDENTIAL**

In the event that a Disclosing Party mistakenly produces confidential information without a confidentiality designation as permitted by the Protective Order entered in this litigation, the following procedures shall apply:

A.      The Disclosing Party shall, within seven days of the discovery of the production, notify the Receiving Party in writing, identifying the confidential information by Bates-stamped number. If the confidential information is not Bates-stamped, the Disclosing Party party shall identify the confidential information in a manner that reasonably permits the Receiving Party to easily locate the confidential information at issue. Within seven days thereafter, the Disclosing Party shall provide a replacement copy of the confidential information, marked "CONFIDENTIAL" and properly Bates-stamped with the original number, if applicable. The Receiving Party shall promptly destroy or return the confidential information mistakenly produced without a confidentiality designation, including any copies it has, and replace it with the confidential information properly designated as confidential.

B.      If a Receiving Party disputes the Disclosing Party's claim of confidentiality, the Receiving Party may move the Court to challenge the confidential designation in accordance with the provisions of the Protective Order entered in this case. If a Receiving Party elects to file such a motion, the Receiving Party may retain possession of the confidential information but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the Receiving Party's motion is denied, the parties shall promptly comply with Paragraph II. A. of this Order.

C. The production of such document does not constitute a waiver of any claim of confidentiality as set forth in the Protective Order in this matter, unless otherwise determined by the court. The Clerk is hereby directed to send copies of this Order to counsel of record and any unrepresented party.

**ENTER:** _____/_____/_____

**Judge**