IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **JEREMY CORBIN,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 6:22-CV-12 |
| **SONYA MOVASSAGHI, DMD;** | ) |
| and | ) |
| **GOUTOM BHOWMICK, DDS;** | ) |
| Defendants. | ) |

**DEFENDANT GOUTOM BHOWMICK, DDS'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW**, Defendant Goutom Bhowmick, DDS ("Dr. Bhowmick" or "this Defendant"), by counsel, pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, and files his Answer and Affirmative Defenses to Plaintiff's Amended Complaint (ECF No. 28). In support thereof, this Defendant states as follows:

**PRELIMINARY STATEMENT**

1. In response to paragraph one (1) of Plaintiff's Amended Complaint, this Defendant asserts that the allegations represent an introductory narrative to which no response is required. To the extent that a response is required, this Defendant admits that Plaintiff was an inmate at Dillwyn Correctional Center in early 2020, that Dr. Movassaghi attempted a tooth extraction on one of Plaintiff's molars, and that Plaintiff ultimately received treatment from Dr. Stephen Brown. All further allegations in this paragraph not specifically admitted are denied.

2. In response to paragraph two (2) of Plaintiff's Amended Complaint, this Defendant asserts that the allegations represent an introductory narrative to which no response is required. To the extent that a response is required, this Defendant admits that Dr. Stephen Brown examined Plaintiff's tooth and eventually performed surgery on Plaintiff. All further allegations in this paragraph not specifically admitted are denied.

3. In response to paragraph three (3) of Plaintiff's Amended Complaint, this Defendant asserts that the allegations represent an introductory narrative to which no response is required. Furthermore, the allegations represent a statement of law and, therefore, do not require a response. To the extent that a response is required, this Defendant denies that he committed any tortious act against Plaintiff and denies that Plaintiff is owed any sum of money.

## JURISDICTION AND VENUE

4. In response to paragraph four (4) of Plaintiff's Amended Complaint, this Defendant admits that the Court has jurisdiction over all claims except Plaintiff's official capacity claims, which are barred by the Eleventh Amendment to the United States Constitution and have already been dismissed by the Court's August 19, 2022 Opinion and Order (ECF Nos. 48 and 49).

5. Admitted.

6. Admitted.

## PARTIES

7. In response to paragraph seven (7) of Plaintiff's Amended Complaint, this Defendant admits that Dr. Movassaghi was employed as a dentist at Dillwyn but lacks sufficient information to admit or deny Plaintiff's allegations regarding her job responsibilities or qualifications. All further allegations in this paragraph not specifically admitted are denied.

8. In response to paragraph eight (8) of Plaintiff's Amended Complaint, this Defendant admits that Dr. Bhowmick is employed by Dillwyn as a dentist, that he is responsible for implementing VADOC dentistry policy, and that he was responsible for Plaintiff's care and treatment at times relevant to the Amended Complaint following April 16, 2020. This Defendant denies that Dr. Bhowmick is currently responsible for Plaintiff's care as Plaintiff is no longer incarcerated at Dillwyn. Dr. Bhowmick is no longer sued in his official capacity pursuant to the Court's August 19, 2022 Opinion and Order (ECF Nos. 48 and 49). All further allegations in this paragraph not specifically admitted are denied.

9. Pursuant to the Court's August 19, 2022 Opinion and Order (ECF Nos. 48 and 49), Karen Woodson is no longer a defendant in this action. No further response is required.

10. Pursuant to the Court's August 19, 2022 Opinion and Order (ECF Nos. 48 and 49), Tamika Mitchell is no longer a defendant in this action. No further response is required.

11. Pursuant to the Court's June 30, 2022 Order (ECF No. 36), Nurse Thomas is no longer a defendant in this action. No further response is required.

## FACTUAL STATEMENT

12. In response to paragraph twelve (12) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny allegations regarding Plaintiff's dental history. To the extent that a response is required, the allegations are denied.

13. In response to paragraph thirteen (13) of Plaintiff's Amended Complaint, this Defendant admits that Plaintiff complained of dental pain in early 2020. However, whether such pain constituted a serious medical need is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

14. Admitted to the extent this paragraph is consistent with the written March 20, 2020 Memorandum for which it comports to address. All remaining allegations are denied.

15. In response to paragraph fifteen (15) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the existence of grievances that were filed before he became employed with Dillwyn. To the extent that a response is required, the allegations are denied.

16. In response to paragraph sixteen (16) of Plaintiff's Amended Complaint, this Defendant admits that the medical records reflect that Plaintiff saw Dr. Movassaghi for a toothache, identified by Dr. Movassaghi as being in tooth #18.

17. In response to paragraph seventeen (17) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations. To the extent that a response is required, the allegations are denied.

18. In response to paragraph eighteen (18) of Plaintiff's Amended Complaint, this Defendant admits that the medical records reflect that Dr. Movassaghi made such a diagnosis and classified Plaintiff as a "3" on the VADOC classification scale. All remaining allegations are denied.

19. In response to paragraph nineteen (19) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the knowledge possessed by Dr. Movassaghi but admits that the medical records indicate that radiology was performed on March 24, 2020. All remaining allegations are denied.

20. In response to paragraph twenty (20) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the qualifications or knowledge of Dr. Movassaghi. To the extent that a response is required, the allegations are denied.

21. In response to paragraph twenty-one (21) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations. To the extent that a response is required, the allegations are denied.

22. In response to paragraph twenty-two (22) of Plaintiff's Amended Complaint, this Defendant admits that the medical records reflect that the procedure did not result in a complete extraction and that Dr. Movassaghi referred Plaintiff to an oral surgeon. All remaining allegations are denied.

23. In response to paragraph twenty-three (23) of Plaintiff's Amended Complaint, this Defendant denies that the delay in sending Plaintiff to an oral surgeon from March 24, 2020 to June 9, 2020, was "inexplicable." The medical records and Plaintiff's own Amended Complaint reflect that the delay was due to a surgery moratorium issued by VADOC's chief dentist in response to the Covid-19 pandemic. This Defendant lacks sufficient information to admit or deny Plaintiff's pain and other symptoms. To the extent that a response is required, the remaining allegations of this paragraph are denied.

24. In response to paragraph twenty-four (24) of Plaintiff's Amended Complaint, this Defendant admits that the medical records reflect that Dr. Movassaghi treated Plaintiff on four more occasions but asserts that she classified Plaintiff as a "2" on one of those occasions. All remaining allegations are denied.

25. In response to paragraph twenty-five (25) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations. To the extent that a response is required, the allegations are denied.

26. Admitted to the extent the paragraph is consistent with Mr. Corbin's written March 25, 2020 grievance. All remaining allegations are denied.

27. Admitted to the extent the paragraph is consistent with Mr. Corbin's written March 27, 2020 grievance. All remaining allegations are denied.

28. Admitted to the extent the paragraph is consistent with the VADOC Health Services Quality Improvement Unit letter cited therein. All remaining allegations are denied.

29. Admitted.

30. In response to paragraph thirty (30) of Plaintiff's Amended Complaint, this Defendant admits that Plaintiff complained of pain at visits with Dr. Bhowmick but denies that Dr. Bhowmick treated Plaintiff on six or more occasions. This Defendant asserts that the medical records reflect that Dr. Bhowmick treated Plaintiff on April 28, 2020; May 4, 2020; May 19, 2020; and May 27, 2020. At each of those four visits, this Defendant admits that he classified Plaintiff as a "2" on the VADOC classification scale. All remaining allegations are denied.

31. Admitted.

32. In response to paragraph thirty-two (32) of Plaintiff's Amended Complaint, this Defendant admits that he wrote a grievance response on May 4, 2020, stating that referral to an outside surgeon continued to be prohibited, but this was due to the fact that a request for approval for outside surgery had already been made, but approval had not been received at the time of responding to Plaintiff's grievance. After writing the grievance response, but on the same day, Dr. Bhowmick received notice that the previously requested surgical referral for Mr. Corbin had been approved.

33. In response to paragraph thirty-three (33) of Plaintiff's Amended Complaint, this Defendant asserts that the allegations represent legal conclusions to which no response is required. To the extent that a response is required, this Defendant denies that he was wrong to determine

that Plaintiff did not qualify for an exception to the Covid-19 guidelines and denies that the delay in treatment was unnecessary. Any further allegations contained in this paragraph are denied.

34. Admitted.

35. In response to paragraph thirty-five (35) of Plaintiff's Amended Complaint, this Defendant does not have sufficient information to admit or deny the existence of this emergency grievance because it is not attached to Plaintiff's Amended Complaint. To the extent that a response is required, the allegations are denied.

36. In response to paragraph thirty-six (36) of Plaintiff's Amended Complaint, this Defendant denies that he did not act expeditiously and appropriately to address the Plaintiff's complaints. All remaining allegations are denied.

37. In response to paragraph thirty-seven (37) of Plaintiff's Amended Complaint, the allegations are denied as phrased. This Defendant admits that the quoted text within the paragraph is consistent with Dr. Brown's medical records. All remaining allegations are denied.

38. In response to paragraph thirty-eight (38) of Plaintiff's Amended Complaint, this Defendant admits that Plaintiff complained about pain following the June 9, 2020 appointment but denies that he failed to offer adequate pain and antibiotic treatment. Plaintiff's own complaint admits in paragraph 51 that Plaintiff had been prescribed "antibiotic mouthwash" and "pain relief medication" following the June 9, 2020 appointment. This Defendant lacks sufficient information to admit or deny the number of grievances submitted by Plaintiff. To the extent that a response is required, the remaining allegations are denied.

39. Admitted to the extent this paragraph is consistent with the medical records of Dr. Strauss. All remaining allegations are denied.

40. In response to paragraph forty (40) of Plaintiff's Amended Complaint, this Defendant admits that Plaintiff filed additional grievances but denies that Dr. Bhowmick made improper changes to Plaintiff's care plan, provided inadequate pain management, or completely denied pain management. All remaining allegations are denied.

41. In response to paragraph forty-one (41) of Plaintiff's Amended Complaint, this Defendant denies that that attached exhibit represents "post-surgical instructions." This Defendant admits that the document does reflect a prescription for acetaminophen-hydrocodone 325 mg TID made at the hospital. All remaining allegations are denied.

42. In response to paragraph forty-two (42) of Plaintiff's Amended Complaint, this Defendant admits that he wrote Plaintiff a prescription for acetaminophen-hydrocodone 325 mg BID but denies any inference that he was bound by the recommendations of the hospital and denies the allegation that his prescription was "inexplicable." All remaining allegations are denied.

43. In response to paragraph forty-three (43) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations. To the extent that a response is required, the allegations are denied.

44. In response to paragraph forty-four (44) of Plaintiff's Amended Complaint, this Defendant admits that he rewrote the prescription BID, as alleged, but denies any implication that he was bound by the hospital's original prescription. All remaining allegations are denied.

45. In response to paragraph forty-five (45) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations. To the extent that a response is required, the allegations are denied.

46. In response to paragraph forty-six (46) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations. To the extent that a response is required, the allegations are denied.

47. In response to paragraph forty-seven (47) of Plaintiff's Amended Complaint, this Defendant is not in possession of these alleged grievances and, therefore, cannot admit or deny their contents. This Defendant explicitly denies that the treatment plan was insufficient for addressing Plaintiff's pain. Any remaining allegations are denied.

48. In response to paragraph forty-eight (48) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations. To the extent that a response is required, the allegations are denied.

49. In response to paragraph forty-nine (49) of Plaintiff's Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations. To the extent that a response is required, the allegations are denied.

50. In response to paragraph fifty (50) of Plaintiff's Amended Complaint, this Defendant states that the allegations concern a defendant who has been dismissed from the case, and no response is required. To the extent that a response is required, the allegations are denied.

51. In response to paragraph fifty-one (51) of Plaintiff's Amended Complaint, this Defendant states that the allegations concern a defendant who has been dismissed from the case, and no response is required. To the extent that a response is required, the allegations are denied.

52. In response to paragraph fifty-two (52) of Plaintiff's Amended Complaint, this Defendant states that the allegations largely concern defendants who have been dismissed from the case and that no response is required. To the extent that the paragraph addresses Dr. Bhowmick's actions, this Defendant denies that he, at any time, denied Plaintiff medical care,

denies that any alleged delay in Plaintiff's medical care was unnecessary or easily avoided, denies that he acted with deliberate indifference in any manner, and denies that Plaintiff's post-surgery treatment was inadequate. To the extent that a response is required to the remaining allegations, those allegations are denied.

## CAUSES OF ACTION

53. The responses to Plaintiff's allegations of the foregoing paragraphs are incorporated herein by reference.

54. In response to paragraph fifty-four (54), the allegations are conclusions of law to which no further response is required. To the extent a response is required, this Defendant specifically denies all allegations that any action or inaction on his part violated any rights of the Plaintiff, was deliberately indifferent to his medical needs, was negligent in any manner, or caused him any harm. Defendant demands strict proof at trial.

55. In response to paragraph fifty-five (55), the allegations are conclusions of law to which no further response is required. To the extent a response is required, this Defendant admits that all actions he performed with respect to treatment provided to Plaintiff were provided under color of state law, but denies that any such action violated Plaintiff's rights or otherwise constituted tortious conduct. Defendant demands strict proof at trial.

56. In response to paragraph fifty-six (56), the allegations are conclusions of law to which no further response is required. To the extent a response is required, this Defendant specifically denies all allegations that any action or inaction on his part violated any rights of the Plaintiff, was deliberately indifferent to his medical needs, was negligent in any manner, or caused him any harm. Defendant demands strict proof at trial.

57. In response to paragraph fifty-seven (57), the allegations are conclusions of law to which no further response is required. To the extent a response is required, this Defendant specifically denies all allegations that any action or inaction on his part violated any rights of the Plaintiff, was deliberately indifferent to his medical needs, was negligent in any manner, or caused him any harm. This Defendant further specifically denies that any action or inaction on his part exhibited willful and/or flagrant disregard for the Plaintiff's rights. Defendant demands strict proof at trial.

58. Denied in its entirety. Defendant demands strict proof at trial.

**COUNT II. Medical Malpractice (against all Defendants)**

59. The responses to Plaintiff's allegations of the foregoing paragraphs are incorporated herein by reference.

60. In response to paragraph sixty (60), the allegations are conclusions of law to which no further response is required. To the extent a response is required, it is admitted that Virginia Law imposes a statutory duty of care upon a physician, owed to his/her patient, pursuant to Va. Code § 8.01-581.20. All remaining allegations are denied.

61. In response to paragraph sixty-one (61), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied.

62. In response to paragraph sixty-two (62), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied with strict proof demanded at trial. This Defendant specifically denies that any action or inaction on his part constituted negligence or breached the standard of care. This

Defendant specifically denies that any alleged negligence was the cause of Plaintiff's claimed damages. All remaining allegations are denied.

63. In response to paragraph sixty-three (63), this Defendant states that the allegations solely concern defendants who have been dismissed from this case; therefore, no response is required. To the extent that a response is required, the allegations are denied.

64. In response to paragraph sixty-four (64), this Defendant states that the allegations represent legal conclusions against a co-defendant; therefore, no response is required. To the extent that a response is required, the allegations are denied.

65. In response to paragraph sixty-five (65), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied with strict proof demanded at trial. This Defendant specifically denies that any action or inaction on his part constituted negligence or breached the standard of care. This Defendant specifically denies that any alleged negligence was the cause of Plaintiff's claimed damages. All remaining allegations are denied.

66. In response to paragraph sixty-six (66), this Defendant states that the allegations solely concern defendants who have been dismissed from this case; therefore, no response is required. To the extent that a response is required, the allegations are denied.

67. In response to paragraph sixty-seven (67), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied with strict proof demanded at trial. This Defendant specifically denies that any alleged negligence was the cause of Plaintiff's claimed damages. All remaining allegations are denied.

68. In response to paragraph sixty-eight (68), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied with strict proof demanded at trial.

### COUNT III. Gross Negligence (against all Defendants)

69. The responses to Plaintiff's allegations of the foregoing paragraphs are incorporated herein by reference.

70. In response to paragraph seventy (70), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied.

71. In response to paragraph seventy-one (71), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied with strict proof demanded at trial. This Defendant specifically denies that any action or inaction on his part constituted negligence or breached the standard of care. This Defendant specifically denies that any alleged negligence was the cause of Plaintiff's claimed damages. All remaining allegations are denied.

72. In response to paragraph seventy-two (72), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied.

73. In response to paragraph seventy-three (73), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied.

74. In response to paragraph seventy-four (74), the allegations are conclusions of law to which no further response is required. To the extent a response is required, the allegations in this paragraph are denied.

## DAMAGES

75. In response to paragraph seventy-five (75), including sub-parts a-c, of Plaintiff's Amended Complaint, this Defendant asserts that he has not committed any tortious conduct whatsoever and that he is not indebted to Plaintiff for damages of any kind. All allegations herein are denied.

## PRAYER FOR RELIEF

76. In response to the WHEREFORE clause of Plaintiff's Amended Complaint, this Defendant asserts that he has not committed any tortious conduct whatsoever and that he is not indebted to Plaintiff for damages of any kind, including attorneys' fees, punitive damages, or any other relief. All allegations herein are denied.

77. This Defendant demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

78. The Plaintiff failed to properly exhaust his available administrative remedies; accordingly, his action is barred, in whole or in part, under 42 U.S.C. § 1997e(a).

79. This Defendant is entitled to good faith and/or qualified immunity.

80. This Defendant is immune from liability stemming from his participation in the inmate grievance process.

81. This Defendant is immune from claims of medical malpractice pursuant to Virginia state law sovereign immunity.

82. This Defendant is immune from claims of medical malpractice pursuant to Virginia Code § 8.01-225.01 because the "delay" at issue was caused by and during the course of a declared state of emergency.

83. This Defendant is entitled to the protections of Virginia Code § 8.01-581.15, including the statutory limitation on damages.

84. This Defendant reserves the right to amend these affirmative defenses as the case proceeds and new information and documentation becomes available.

WHEREFORE, this Defendant, Goutom Bhowmick, DDS, by counsel, respectfully requests that this Court dismiss Plaintiff's claims with prejudice and grant such other relief as is just and proper.

**Respectfully submitted,**

**GOUTOM BHOWMICK, DDS**

/s/ Anthony S. Cottone, Esq.
Anthony S. Cottone, Esq. (VSB No. 94408)
Connor Bleakley, Esq. (VSB No. 92113)
BYRNE CANAAN LAW
3117 W. Clay St., Suite 200
Richmond, Virginia 23230
Telephone:    804.806.4800
Facsimile:    804.806.4820
acottone@byrnecanaanlaw.com
cbleakley@byrnecanaanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of September, 2022, I electronically filed the foregoing pleading using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Daniel H. Goldman, Esq. (VSB No. 82144)<br>Law Office of Daniel Goldman, PLLC<br>114 N. Alfred Street<br>Alexandria, Virginia 22314<br>Telephone: 202.677.5709<br>Facsimile: 833.523.2310<br>dan@dangoldmanlaw.com<br>*Counsel for Plaintiff* | Evan M. Goldberg, Esq. (*Pro Hac Vice* Pending)<br>The Law Office of Evan M. Goldberg<br>5423 32nd Street NW<br>Washington, DC 20015<br>Telephone: 504.717.5005<br>Egoldberg.esq@gmail.com<br>*Counsel for Plaintiff* |
| Matthew E. Kelley, Esq. (VSB No. 68303)<br>Nathan H. Schnetzler, Esq. (VSB No. 86437)<br>Frith Anderson and Peake<br>29 Franklin Road, SW<br>Roanoke, Virginia 24011<br>Telephone: 540.772.4600<br>Facsimile: 540.772.9167<br>mkelley@faplawfirm.com<br>nschnetzler@faplawfirm.com<br>*Counsel for Defendant Sonya Movassaghi, DMD* | |

By: /s/ Anthony S. Cottone, Esq.
Anthony S. Cottone, Esq. (VSB No. 94408)
Connor Bleakley, Esq. (VSB No. 92113)
BYRNE CANAAN LAW
3117 W. Clay St., Suite 200
Richmond, Virginia 23230
Telephone: 804.806.4800
Facsimile: 804.806.4820
acottone@byrnecanaanlaw.com
cbleakley@byrnecanaanlaw.com
*Counsel for Defendants Goutom Bhowmick, DDS, Karen Woodson, Tamika Mitchell & Everett McDuffie, MD*