IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JEREMY CORBIN | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 6:22-CV-00012-NKM |
| | ) |
| SONYA MOVASSAGHI, DMD, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT SONYA MOVASSAGHI, DMD'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Defendant Sonya Movassaghi, DMD ("Dr. Movassaghi"), by counsel, pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, and files her Answer and Affirmative Defenses to Plaintiff's Amended Complaint (ECF No. 28). In support thereof, this Defendant states as follows:

**PRELIMINARY STATEMENT**

1. In response to the allegations in paragraph 1, Dr. Movassaghi admits Jeremy Corbin ("Corbin") was an inmate at Dillwyn Correction Center ("Dillwyn") during the periods of time she saw him as a patient. Dr. Movassaghi admits she performed an extraction procedure on Corbin as reflected in the relevant dental records. She is without information to admit or deny when Corbin was evaluated by an oral surgeon following the tooth extraction procedure. She denies all other allegations in paragraph 1.

2. Dr. Movassaghi is without sufficient information to form a belief about the statements in paragraph 2 of the Amended Complaint since they occurred outside of her care and treatment.



182.0098\SMH
4859-8830-8273 .v3

3. Paragraph 3 contains legal conclusions to which no response is required. Dr. Movassaghi denies that her dental care was in any way inappropriate and/or that her care proximately caused any of the damages claimed in the Amended Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 calls for a legal conclusion to which no response is required.

5. Paragraph 5 calls for a legal conclusion to which no response is required.

6. Dr. Movassaghi is without sufficient information to form a belief about the statements in paragraph 6 of the Amended Complaint.

## PARTIES

7. Dr. Movassaghi admits that she was a dentist and that she provided dental care at Dillwyn Correctional Center from June 17, 2019 to April 20, 2020. She admits that she owed a duty to provide care that complied with the applicable standard of care during the time she provided care to Corbin. Dr. Movassaghi admits she is not trained as an oral surgeon. All other allegations in Paragraph 7 of the Amended Complaint are denied.

8. Dr. Movassaghi denies she "botched" the dental extraction she performed for Corbin and affirmatively asserts her dental care complied with the applicable standard of care. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 8 of the Amended Complaint since they occurred outside of her care and treatment. If an additional response is required, these allegations are denied.

9. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 9 of the Amended Complaint since they occurred


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

outside of her care and treatment. If an additional response is required, these allegations are denied.

10. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 10 of the Amended Complaint since they occurred outside of her care and treatment. If an additional response is required, these allegations are denied.

11. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 11 of the Amended Complaint since they occurred outside of her care and treatment. If an additional response is required, these allegations are denied.

**FACTUAL STATEMENT**

12. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 12 of the Amended Complaint since they occurred outside of her care and treatment.

13. Denied.

14. Admitted.

15. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 15 of the Amended Complaint since they occurred outside of her care and treatment.

16. Dr. Movassaghi admits she provided dental treatment to Corbin for tooth #18. She denies the reported tooth pain would be considered severe.

17. Denied.

18. Admitted.



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

182.0098\SMH
4859-8830-8273 .v3

3

19. Dr. Movassaghi admits she obtained an X-ray but denies the remaining allegations in paragraph 19 of the Amended Complaint.

20. Denied.

21. Denied.

22. Regarding the allegations contained in paragraph 22, Dr. Movassaghi denies plaintiff's characterization of the procedure as "unsuccessful." Dr. Movassaghi admits the remaining allegations contained in paragraph 22.

23. Regarding the allegations contained in paragraph 23, Dr. Movassaghi admits only that Corbin was not seen by an outside oral surgeon prior to Dr. Movassaghi's patient-dentist relationship with Corbin ending on April 16, 2020. The remaining allegations in paragraph 23 are denied.

24. Regarding the allegations contained in paragraph 24, Dr. Movassaghi admits that she treated Corbin in person four additional times after the surgery on March 24, 2020, and admits that Corbin's presentation at each of those four visits did not warrant prescription antibiotics. Dr. Movassaghi denies that she classified Corbin as a "Class 1" on the VADOC dental charting and classification scale "at all visits" following the March 24, 2020, surgery. Any remaining allegations in paragraph 24 are denied.

25. Regarding the allegations contained in paragraph 25, Dr. Movassaghi admits only that Corbin filed one emergency grievance of which she is personally aware following the March 24, 2020, surgery. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 25 of the Amended Complaint since the referenced Emergency Grievances were submitted after Dr. Movassaghi's patient-dentist relationship with Corbin ended on April 16, 2020.

4

26. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 26 of the Amended Complaint since they occurred outside of her care and treatment.

27. Regarding the allegations contained in paragraph 27 of the Amended Complaint, the referenced document speaks for itself. Dr. Movassaghi denies any remaining allegations.

28. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 28 of the Amended Complaint since they occurred outside of her care and treatment.

29. Admitted.

30. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 30 of the Amended Complaint since they occurred outside of her care and treatment.

31. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 31 of the Amended Complaint since they occurred outside of her care and treatment.

32. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 32 of the Amended Complaint since they occurred outside of her care and treatment.

33. Denied.

34. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 34 of the Amended Complaint since they occurred outside of her care and treatment.

FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

182.0098\SMH
4859-8830-8273 .v3

35. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 35 of the Amended Complaint since they occurred outside of her care and treatment.

36. Denied.

37. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 37 of the Amended Complaint since they occurred outside of her care and treatment.

38. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 38 of the Amended Complaint since they occurred outside of her care and treatment.

39. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 39 of the Amended Complaint since they occurred outside of her care and treatment.

40. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 40 of the Amended Complaint since they occurred outside of her care and treatment.

41. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 41 of the Amended Complaint since they occurred outside of her care and treatment.

42. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 42 of the Amended Complaint since they occurred outside of her care and treatment.

FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

43. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 43 of the Amended Complaint since they occurred outside of her care and treatment.

44. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 44 of the Amended Complaint since they occurred outside of her care and treatment.

45. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 45 of the Amended Complaint since they occurred outside of her care and treatment.

46. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 46 of the Amended Complaint since they occurred outside of her care and treatment.

47. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 47 of the Amended Complaint since they occurred outside of her care and treatment.

48. Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 48 of the Amended Complaint since they occurred outside of her care and treatment.

49. Dr. Movassaghi admits only that she prescribed Chlorhexidine mouthwash for Corbin on April 16. She is without sufficient information to form a belief about the remaining statements in paragraph 49 of the Amended Complaint since they occurred outside of her care and treatment.

182.0098\SMH
4859-8830-8273 .v3

FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

50. The allegations in paragraph 50 of the Amended Complaint are directed to a different defendant for which no response is required. If a further response is required, Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 50 of the Amended Complaint since they occurred outside of her care and treatment.

51. The allegations in paragraph 51 of the Amended Complaint are directed to a different defendant for which no response is required. If a further response is required, Dr. Movassaghi is without sufficient information to form a belief about the remaining statements in paragraph 51 of the Amended Complaint since they occurred outside of her care and treatment.

52. Denied.

### CAUSES OF ACTION

### COUNT I. 42 U.S.C. § 1983 Claim Against All Defendants for Deliberate Indifference to Medical Needs

53. For her response to paragraph 53, Dr. Movassaghi incorporates by reference her responses to the allegations contained in paragraphs 1–52 of the Amended Complaint.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### COUNT II. Medical Malpractice (against all Defendants)

59. For her response to paragraph 59, Dr. Movassaghi incorporates by reference her responses to the allegations contained in paragraphs 1–58 of the Amended Complaint.

8

182.0098\SMH
4859-8830-8273 .v3

60. Dr. Movassaghi admits that the standard of care contained in Virginia Code § 8.01-581.20 applies to dentist-patient relationships for the period of time care is provided. All other allegations in paragraph 60 of the Amended Complaint are denied.

61. Dr. Movassaghi admits she had a duty to comply with the standard of care contained in Virginia Code § 8.01-581.20 as it applies to dentist-patient relationships for the period of time she provided dental care to Corbin. All other allegations in paragraph 60 of the Amended Complaint are denied.

62. Denied.

63. To the extent the allegations in paragraph 63 of the Amended Complaint are directed to this defendant, these allegations improperly call for an expert opinion from a defendant. If an additional response is required, the allegations in paragraph 63 are denied.

64. Denied.

65. Denied.

66. To the extent the allegations in paragraph 66 of the Amended Complaint are directed to this defendant, these allegations improperly call for an expert opinion from a defendant. If an additional response is required, the allegations in paragraph 66 are denied.

67. Denied.

68. Denied.

### COUNT III.  Gross Negligence (against all Defendants)

69. For her response to the allegations in paragraph 69 of the Amended Complaint, Dr. Movassaghi incorporates by reference her responses to paragraphs 1–68 of the Amended Complaint.



182.0098\SMH
4859-8830-8273 .v3

9

70. Dr. Movassaghi admits that the standard of care contained in Virginia Code § 8.01-581.20 applies to dentist-patient relationships for the period of time care is provided. All other allegations in paragraph 70 of the Amended Complaint are denied.

71. Dr. Movassaghi admits that the standard of care contained in Virginia Code § 8.01-581.20 applies to dentist-patient relationships for the period of time care is provided. All other allegations in paragraph 71 of the Amended Complaint are denied.

72. Denied.

73. Denied.

74. Denied.

## DAMAGES

75. In response to paragraph 75 of the Amended Complaint, Defendant Dr. Movassaghi denies that plaintiff suffered the alleged injuries and damages set forth in paragraph 75 and its subparts, denies that plaintiff suffered any injuries and/or damages at all, and denies that her care and treatment of plaintiff proximately caused any of the plaintiff's claimed injuries and damages.

## PRAYER FOR RELIEF

76. In response to the unnumbered "Wherefore" paragraph and its subparts, Dr. Movassaghi denies that the Plaintiff is entitled to the relief that he seeks and denies that she is liable to the plaintiff for the amount alleged in the Amended Complaint or for any other amount whatsoever.

77. Dr. Movassaghi denies breaching any legal duty owed to the Plaintiff.

78. Dr. Movassaghi asserts that she complied with the standard of care in every respect.

79. All allegations in the Complaint not expressly admitted herein are denied.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

10

182.0098\SMH
4859-8830-8273 .v3

80. Dr. Movassaghi demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. To the extent applicable, Dr. Movassaghi asserts the affirmative defense of sovereign immunity to plaintiff's state law claims for ordinary negligence.

2. Plaintiff fails to state a claim for gross negligence.

3. Plaintiff's injuries were not sufficiently serious to support an Eighth Amendment claim.

4. To the extent plaintiff did have a serious need, Dr. Movassaghi was not deliberately indifferent to that need.

5. Dr. Movassaghi's treatment of plaintiff did not breach the applicable standard of care.

6. Dr. Movassaghi denies acting with an utter disregard of prudence amounting to a complete neglect and/or total and/or reckless disregard toward plaintiff.

7. Dr. Movassaghi's treatment of plaintiff amounted to, at least, "some care," thereby barring any gross negligence claim under Virginia law.

8. Plaintiff failed to exhaust his administrative remedies with respect to the claims against and treatment provided by Dr. Movassaghi.

9. Plaintiff's state law claims are barred by the applicable statute of limitations.

10. Plaintiff's injuries/damages were proximately caused by others over whom Dr. Movassaghi exercises no control.

11. Plaintiff failed to mitigate his damages.

12. Plaintiff fails to allege sufficient facts to warrant an award of punitive damages.

13. Dr. Movassaghi enjoys immunity from suit for the claims in this action pursuant to Va. Code §§ 8.01-225.01 and -225.02 and Governor Ralph Northam's April 28, 2020, <u>Executive</u>



<u>Order Number Sixty (2020) – Clarification of Certain Immunity from Liability for Healthcare Providers in Response to Novel Coronavirus (COVID-19)</u>.

14. Dr. Movassaghi reserves the right to amend this Answer to assert any other affirmative defenses which become known in the course of discovery.

                                  Respectfully submitted,

                                  SONYA MOVASSAGHI, DMD

                                  _____/s/_____
Matthew E. Kelley, Esq. (VSB No. 68303)
Nathan H. Schnetzler (VSB No. 86437)
FRITH ANDERSON + PEAKE
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone:    (540) 772-4600
Fax:          (540) 772-9167
Email:      mkelley@faplawfirm.com
              nschnetzler@faplawfirm.com
*Counsel for Sonya Movassaghi, DMD*



182.0098\SMH
4859-8830-8273 .v3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2022, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ _____
Of Counsel



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

182.0098\SMH
4859-8830-8273 .v3